UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAY GREGORY PORTER,

                Petitioner,                Case Number 03-10304-BC
                                                      Honorable David M. Lawson

v.

HUGH WOLFENBARGER,

                Respondent.
_____/

### OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Jay Gregory Porter, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of his constitutional rights. He challenges his convictions for armed robbery, Mich. Comp. Laws § 750.529, and carjacking, Mich. Comp. Laws § 750.529a. He was sentenced as a fourth habitual offender to twenty-five to fifty years in prison. The respondent has filed a motion for summary judgment asserting that the petitioner has failed to exhaust his state court remedies. The Court finds that although the petitioner has failed to exhaust available state court remedies with respect to two of his claims, it is not appropriate to dismiss the petition at this time. Rather, the Court will deny the respondent's motion, hold the petition in abeyance and administratively close the case, allowing the petitioner to return to the state courts to exhaust available remedies.

I.

The petitioner was convicted of armed robbery and carjacking in the Wayne County Circuit Court on August 5, 1999 following a jury trial. On September 8, 1999, he was sentenced as a fourth habitual offender to twenty-five to fifty years in prison. *See* Mich. Comp. Laws § 769.12.

The petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.   The trial court erred by failing to grant defendant's motion to dismiss because of a 180-day statutory violation or conduct a hearing concerning the underlying facts.
>
> II.  Jay Porter was denied a fair trial and due process of law by improper prosecutorial argument.
>
> III. The trial court erred reversibly by refusing to instruct on the lesser offense of robbery not armed where there was a question concerning the existence of a weapon.
>
> IV.  This court should remand for a hearing on the constitutionality of jury selection procedures in Wayne County.
>
> V.   Defendant Jay Porter should be resentenced where his sentence violates proportionality and the court failed to give any reasons for the severe sentence imposed.

The Michigan Court of Appeals affirmed the petitioner's convictions on February 22, 2002. *People v. Porter*, No. 225858 (Mich. Ct. App. Feb. 22, 2002).

The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims. The Michigan Supreme Court denied leave to appeal on October 29, 2002. *People v. Porter*, No. 121309 (Mich. Oct. 29, 2002).

On October 28, 2003, the petitioner filed the present petition in this Court seeking habeas relief for the same claims presented to the state courts on direct review and the following additional claims:

    I.        Lack of writ of habeas corpus from technical rule violation center, Ypsilanti.

    II.       Ineffective assistance of counsel.

Thereafter, the respondent filed a motion for summary judgment of dismissal of petition for writ of habeas corpus on the ground that the two foregoing claims were not exhausted in the state courts.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.

1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The respondent correctly argues that the petitioner's claims of ineffective assistance of counsel and the failure of police to obtain a writ releasing him from the custody of the Michigan Department of Corrections before arresting him were never presented to the state courts and therefore have not been exhausted. The petitioner acknowledges his failure to present these claims but explains that his attorney during the state court proceedings is to blame. That excuse, however, does not relieve the petitioner of the requirement to exhaust state remedies when such remedies remain available to him. *See Rust*, 17 F.3d at 160 (holding that the failure to exhaust bars habeas review when the state still provides a remedy to exhaust).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. Consequently, the petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts have an opportunity to decide the claims and correct any violations of constitutional magnitude that may have occurred.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided that good cause for the failure to exhaust

claims is shown and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. \_\_\_, 125 S. Ct. 1528, 1535 (2005). In this case, the Court finds that a dismissal of the petition may render subsequent petitions in this court untimely. *See* 28 U.S.C. § 2244(d)(1). Although the petition in this case is deemed filed on December 14, 2003, *see Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001) (discussing the "prison mailbox rule"), the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" a district court's holding dismissing unexhausted claims in a habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

In this case, dismissal of the petition, even without prejudice, may preclude future consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on October 29, 2002. The petitioner's conviction became final ninety days later, on January 27, 2003, when the time during which the petitioner could have filed a petition

for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, January 28, 2003. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner "filed" the pending habeas petition on December 14, 2003. Thus, if the Court does not toll the limitations period during the pendency of this petition, the limitations period expired on January 28, 2004, and any subsequent habeas petition filed by the petitioner would be untimely.

It appears that the petitioner has not had the opportunity to present his unexhausted claims to the state courts. One claim involves the alleged ineffective assistance of counsel and the other is based on the failure of police to obtain a writ releasing the petitioner from the custody of the Michigan Department of Corrections before arresting him. Although the Court is not convinced that the latter claim will warrant relief, the ineffective assistance of counsel claim conceivably could have merit. In fact, it is the deficient performance of his attorney that the petitioner cites as the reason those claims were not exhausted. The Court is satisfied that good cause has been shown for the failure to exhaust to date, at least one of the claims is potentially meritorious, and the petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 125 S. Ct. at 1535.

### III.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claims and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly. *See Palmer*, 276 F.3d at 781. The petitioner must proceed in the state

court within **fifty-six** days of this order. Failure to do so will result in the dismissal of this case without prejudice.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt #13] is **DENIED**.

It is further **ORDERED** that the petitioner may file a motion for relief from judgment with the state trial court within **fifty-six days** from the date of this order. If the petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

The Court warns the petitioner that the one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed," 28 U.S.C. § 2244(d)(2), and addresses "the pertinent judgment or claim[s]." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing

fee. *Ibid*. If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 1, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS